# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | William T. Hart | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 10 C 1378 | **DATE** | 10/6/2010 |
| **CASE TITLE** | Cordell Sanders (#R-41346) v. Medical Technician Barnes, et al. | | |

**DOCKET ENTRY TEXT:**

On initial review pursuant to 28 U.S.C. §1915(e)(2)(B) the Court finds that Plaintiff may proceed with his amended complaint as to Defendants Barnes, Zhang, and Harrington. The Clerk is directed to issue summons for Defendant Officer Harrington and the U.S. Marshals Service is appointed to serve him. The Clerk shall send Plaintiff a Magistrate Judge Consent Form and Instructions for Submitting Documents along with a copy of this order. Defendant Zhang's motion to strike Plaintiff's amended complaint [#49] is denied. Plaintiff's motion to intervene [#36] is denied Motion hearing set for 10/14/2010 is stricken.

■ [For further details see text below.]                                                                                    Docketing to mail notices.

## STATEMENT

Plaintiff, an inmate in state custody at Pontiac Correctional Center, has brought this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff alleges deliberate indifference to a serious medical condition at Stateville Correctional Center. More specifically, Plaintiff alleges that he was removed from his cell on December 18, 2008, and taken to segregation. He also alleges that although he told Correctional Officer Harrison that he needed his asthma inhalers, he was not allowed to take them with him. He further alleges that although he requested replacement of the inhalers from Defendants Barnes and Zhang December 29, 2008 they denied his request and he was unable to procure an asthma inhaler until January 3, 2009. He finally alleges that he had an asthma attack on December 29, 2008 and suffered physical harm because he did not have access to his asthma inhalers.

Preliminary review of Plaintiff's amended complaint, *see* 28 U.S.C. § 1915(e)(2)(B), reveals that he has stated a colorable cause of action against Defendants Barnes, Zhang, and Harrington under the Civil Rights Act, 42 U.S.C. § 1983, such that they must respond to the amended complaint. *Davis v. Carter*, 452 F.3d 686, 696 (7th Cir. 2006), *see also Goodvine v. Gorske*, (No. 06 C 862) 2007 U.S. Dist. LEXIS 1268 *17(E.D.Wis., January 4, 2007)(Adelman, J.). While a more fully developed record may belie the plaintiff's allegations, the defendants must respond to the complaint.

Defendants have filed a motion to strike the amended complaint, and that motion is denied. Plaintiff filed another case in the Northern District of Illinois, alleging deliberate indifference to a serious medical condition, naming as the sole Defendant, Defendant Harrington. *See Sanders v. Harrington*, (Case No. 10 C 4686) (N.D. Ill.) (Hart, J.) The Court dismissed that case on September 21, 2010, instructing Plaintiff that because that suit arose out of the same nexus of fact as the present case, if he wanted to pursue his claims against Correctional Officer Harrington, he should amend his complaint, adding Correctional Officer Harrington as a Defendant. While Plaintiff did not seek leave to amend his complaint in this case, acting on the Court's instructions in Case No. 10 C 4686, he has amended his complaint, implicitly with the Court's permission. Consequently, in order
**(CONTINUED)**

AWL

| **STATEMENT** |
|---|

to move this case along efficiently, the Court grants Plaintiff leave to file his amended complaint, and finds that he may proceed with his amended complaint. Defendants' motion to strike the amended complaint is denied.

The Clerk shall issue summons for service of the complaint on Defendant Harrington (hereinafter, "Defendant"). The United States Marshals Service is appointed to serve Defendant. Any service forms necessary for Plaintiff to complete will be sent by the Marshal as appropriate to serve Defendant with process.

The U.S. Marshal is directed to make all reasonable efforts to serve Defendant. If Defendant can no longer be found at the work address provided by Plaintiff, officials with the Cook County Jail shall furnish the Marshal with Defendant's last-known address. The information shall be used only for purposes of effectuating service, or for proof of service should a dispute arise, and any documentation of the address shall be retained only by the Marshal. Address information shall not be maintained in the Court file, nor disclosed by the Marshal. The Marshal is authorized to mail a request for waiver of service to Defendant in the manner prescribed by Fed. R. Civ. P. 4(d)(2) before attempting personal service.

Plaintiff is instructed to file all future papers concerning this action with the Clerk of Court in care of the Prisoner Correspondent. In addition, Plaintiff must send an exact copy of any filing to Defendant or, if represented by counsel, to counsel for Defendant. Plaintiff must include on the original filing a certificate of service stating to whom exact copies were mailed and the date of mailing. Any paper that is sent directly to the judge or otherwise fails to comply with these instructions may be disregarded by the Court or returned to Plaintiff.

Finally, Plaintiff has filed a motion to intervene, seeking to prevent Defendants from procuring his inmate master file and medical files in discovery in this matter. Plaintiff's motion is denied. As Plaintiff has filed a lawsuit complaining about the medical care he received at Stateville Correctional Center, and that care involves a transfer from one cell to another, for reasons unknown, Defendants are entitled to seek information from both sources in defending this case. If Plaintiff has specific objections to information in either his master or medical file, he should make those objections, pursuant to the Federal Rules of Evidence, or in motions *in limine*, at the appropriate time and in the appropriate manner.